## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREENSTAR, LLC and GREENSTAR )<br>ALLENTOWN, LLC f/k/a PENN )<br>ACQUISITION SUB, LLC, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>TODD A. HELLER and TODD )<br>HELLER, INC., )<br>)<br>    Defendants. )<br>_____ )<br>)<br>TODD A. HELLER, TODD HELLER, )<br>INC., and TODD HELLER, INC. )<br>LIQUIDATING TRUST, )<br>)<br>    Counterclaim-Plaintiffs, )<br>v. )<br>)<br>GREENSTAR, LLC and GREENSTAR )<br>ALLENTOWN, LLC f/k/a PENN )<br>ACQUISITION SUB, LLC, )<br>)<br>    Counterclaim-Defendants. ) | Civ. No. 10-746-SLR |

## MEMORANDUM

At Wilmington this $^{19th}$ day of February, 2014, having previously determined that

Heller must pay Greenstar's attorney fees in connection with Heller's breach of contract

(D.I. 87), and having considered the materials submitted in connection with Greenstar's

motion for attorney fees (D.I. 88); the court concludes that Heller must reimburse

Greenstar's fees in the amount of $14,476.38 in connection with the present motion;

and Heller shall be paid interest on the remaining balance of the promissory note, for

the reasons that follow:[1]

1. **Background.** Plaintiffs/counterclaim-defendants Greenstar, LLC and Greenstar Allentown, LLC f/k/a Penn Acquisition Sub, LLC (collectively, "Greenstar") filed the instant case against defendants/counterclaim-plaintiffs Todd A. Heller and Todd Heller, Inc. (collectively, "Heller") alleging multiple breaches of Heller's representations and warranties contained in the Asset Purchase Agreement ("APA") and demanding indemnification for any expenses incurred in remediating and/or removing certain broken glass stockpiles. (D.I. 1) Greenstar originally claimed damages in excess of $11,410,000, the amount of a Promissory Note (the "Note") secured by a letter of credit, and sought injunctive relief to prevent Heller from presenting and drawing on the letter of credit. (*Id.*) Pursuant to the terms of the Note, interest accrues on the principal amount due at the Note rate of 3.25%. (*See* D.I. 6, ex. 2) Prior to the judgment, the court ordered the release, by Greenstar to Heller, of all but $3 million of the Note. (*See* D.I. 72, 75) Greenstar also sought recovery of attorney fees, costs, and expenses incurred in the litigation, under Section 7.12 of the APA.

2. On March 28, 2013, following a bench trial held September 24-26, 2012 and post-trial briefing, the court issued an opinion holding that: (1) Heller breached several representations and warranties contained in the APA; (2) the stockpiles were "Excluded Liabilities" under the terms of the APA; and (3) as a result, Greenstar should be awarded indemnification in the amount of $401,345.28, to be offset against the Note in

---

[1] The balance of $1,447,618.73 has already been disbursed to Heller pursuant to the court's grant of the stipulation and order regarding the release of the letter of credit issued on October 1, 2013. (*See* D.I. 98)

2

Greenstar's possession. (D.I. 85) Finding that Greenstar was the "prevailing party" within the meaning of Section 7.12 of the APA, the court awarded Greenstar reasonable attorney fees and costs. (*Id.* at 44)

3. Following the court's judgment, Greenstar moved for reasonable attorney fees, costs, and expenses in the amount of $1,136,559.61. (D.I. 88 at 3) Heller did not oppose Greenstar's request for attorney fees, nor did it raise an objection as to the reasonableness of Greenstar's claimed fees. (D.I. 93 at 2) Instead, Heller asserted that, subsequent to Greenstar's motion, Heller learned that Greenstar intended to (a) assert and maintain an unreasonable and unsupported view of the APA and the court's judgment in dividing the interest on the Note owed to each party, and (b) to supplement its fee request. (D.I. 93 at 2) Specifically, Heller disputed Greenstar's attempt to: (a) subtract the compensatory damages from the remaining $3 million prior to the calculation of interest; (b) subtract attorney fees from the remaining $3 million prior to the calculation of interest; and (c) supplement attorney fees, costs, and expenses to include fees and costs allegedly incurred in connection with the present motion. (*Id.* at 2-3)

4. On October 1, 2013, the court granted a stipulation and order regarding the release of the letter of credit. (D.I. 98) Included in the stipulation was the parties' agreement that Greenstar's attorney fees, costs, and expenses prior to March 31, 2013 (in the amount of $1,136,559.61) were reasonable, and should be awarded to Greenstar pursuant to the APA. (*Id.* at 2) Heller was also to be paid $1,447,618.73 from the Note, as well as interest on that amount at the Note rate of 3.25% from September 4, 2010 to the date that the funds were released to Heller. (*Id.*) The

3

remaining disputes include: (a) whether Greenstar should recover $14,476.38 in

attorney fees, costs, and expenses incurred in this litigation between March 31, 2013

and May 22, 2013;[2] and (b) whether Heller should be paid interest on the entire $3

million of principal in the Note and, if so, to what extent. (*Id.*)

5. **Standard.** "In general interest on deposited funds follows the principal, and

when the entitlement to the principal is in dispute the one who is determined to be the

[owner of the] principal is also entitled to the interest thereon." *State ex. rel Secretary*

*of Dept. of Transp. v. Hudak*, 1985 WL 189311, at *2 (Del. Super. Ct. Nov. 13, 1985)

(citing *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155 (1980)); *see also*

*Pepsi-Cola Bottling Co. of Cincinnati v. Woodlawn Canners, Inc.*, 1983 WL 18021, at *2

(Del. Ch. Oct. 11, 1983) (holding that income earned on escrowed funds follows the

principal).

6. **Discussion.** Heller argues that the judgment does not require or authorize

Greenstar to first subtract out its damages from the remaining amount and then

calculate interest. (D.I. 93 at 3) The court's judgment states:

> Plaintiffs are awarded $401,345.28 in damages, **to be offset**
> **against the promissory note** that constituted part of the
> underlying asset purchase agreement's purchase price.
> Plaintiffs shall be awarded reasonable attorney fees and
> costs. The remaining balance of the promissory note, if any,
> shall thereafter be released to defendants.

(D.I. 87) (emphasis added) Heller further argues that the APA does not provide support

for Greenstar's argument, and Heller should collect interest due on the $3 million up to

the date of the judgment because no amount was "due and owing" by Heller until the

---

[2]These costs are associated with the present motion.

entry of judgment. (D.I. 93 at 3) Relevant portions of the APA are reproduced below.

## Article VI
## Indemnification

****

### 6.6 Resolution of Claims

(a) To the extent Buyer's Indemnified Persons are making a claim against Seller Parties for amounts due for indemnification or reimbursement of Buyer's Indemnified Persons under ARTICLE VI herein, Buyer shall notify Seller Parties in writing of each claim (a "Claim Notice") stating that Buyer's Indemnified Persons have incurred a Loss in the amount stated in such Claim Notice, and specifying in reasonable detail individual items of Losses included in the amount so stated, the date each such item was paid or incurred, the nature of the claim to which such item is related, the Seller Party that is responsible for indemnifying the Buyer for such Loss. . . .

(b) **To the extent a monetary obligation or payment is due and owing** by the Seller Parties to the Buyer's Indemnified Persons (a "Seller Payment"), the Buyer shall have the right **to reduce the principal amount of the Note** held by Seller by an amount equal to the Seller Payment. . .
.

(D.I. 88, ex. 1) (emphasis added) Additionally, Heller argues that the Note itself does

not permit Greenstar to ignore its obligation to pay interest on the withheld amounts

under the Note. (D.I. 93 at 4) The Note provides:

> [Greenstar] promises to pay to the order of [Defendants] the principal sum of Eleven Million Four Hundred Ten Thousand Dollars ($11,410,000.000), **together with interest on the unpaid principal amount of this [Note]** from the date of this Note until such principal amount is paid in full . . . .

(D.I. 6, ex. 2) (emphasis added)

7. Greenstar responds that Heller should not be paid interest on the entirety of

5

the $3 million Note because over half of the principal belongs to Greenstar and interest follows principal. (D.I. 94 at 1-2)  Consistent with this contention and the express language of both the APA – indicating that "the Buyer shall have the right to reduce the principal amount of the Note" – and the Note itself – providing that Greenstar must pay "interest on the unpaid principal amount of this [Note] from the date of this Note until such principal amount is paid in full," the court finds that Heller shall be paid interest on the total amount it is owed after deducting any additional attorney fees discussed below. (See D.I. 88, ex. 1; D.I. 6, ex. 2)

8.  Heller further argues that, because the judgment does not require that attorney fees be deducted from the Note itself, even should it elect to offset such fees from the Note, it should not be required to forgo interest on that amount.  (D.I. 93 at 4) Additionally, it argues that offset is not required because Article VI of the APA, of which Section 6.6(b) is a part, is limited to indemnification payments and, therefore, is not applicable to attorney fees, which are instead described in Article VII, Section 7.12. (Id. at 5)  Article VII provides the following:

### Article VII
### Miscellaneous

\*\*\*\*

**7.12  Attorneys' Fees.** In the event of any litigation arising out of or connected in any manner with this Agreement, the non-prevailing party shall pay the costs of the prevailing party, including its reasonable attorney and paralegal fees and expenses incurred in connection therewith through and including the costs of any appeals and appellate costs relating thereto. This Section shall survive the Closing or the termination of this Agreement.

6

(D.I. 88, ex. 1)

9. Greenstar responds that Section 6.6(b) of the APA does not limit the types of

payments which may be offset to indemnification and instead applies to any "monetary

obligation or payment [that] is due and owing." (D.I. 94 at 4) It also points to the

language of the Note itself, which acknowledges Greenstar's right of offset stating:

> **Maker's Right of Offset.** Payee may have certain payment
> obligations to the Buyer Parties pursuant to the Purchase
> Agreement. **In the event that any Buyer Party is entitled
> to receive payments from Payee pursuant to the
> Purchase Agreement ("Payment Obligation"), Maker has
> the option,** in addition to any other rights under the
> Purchase Agreement, **to offset such Payment Obligation
> against any amounts payable to Payee hereunder,**
> subject however to the rights of Payee and the dispute
> resolution procedures under the Purchase Agreement.

(D.I. 6, ex. 2 at ¶ 9) (emphasis added)[3] Given the Note's explicit provision providing

Greenstar with the option to offset a payment obligation pursuant to the APA, and that

the award of attorney fees arises under Section 7.12 of the APA, this amount is "due

and owing" under Section 6.6(b) of the APA. As above, the court finds that Heller shall

be paid interest on the total amount it is owed after deducting any reasonable attorney

fees discussed below.

10. Greenstar asserts that, between April 1 and May 22, 2013, its attorney fees,

costs, and expenses were $14,476.38[4] ($14,106.00 in attorney fees and $370.38 in

---

[3] "Maker" refers to PENN Acquisition Sub, LLC (Greenstar), and "Payee" refers
to Heller. (D.I. 6, ex. 2 at 1)

[4] This would bring the total to $1,151,035.99. Fees in the amount of
$1,136,559.61 were undisputed and disposed of by the court's October 1, 2013 order.
(*See* D.I. 98 at 2)

costs and expenses), and that these arose out of litigation in connection with the APA.[5]
(D.I. 94 at 5) Heller argues that, because Greenstar failed to reserve any right to, and
did not raise the issue in its opening brief, it should not be able to supplement its
request for attorney fees, costs, and expenses to include the fees and costs related to
the present motion. (D.I. 93 at 5) Heller further argues that, because it did not dispute
the reasonableness of Greenstar's attorney fees, costs, and expenses as set forth in
this motion, and fees are not statutorily authorized, Greenstar should not be awarded
fees for filing the present motion. (*Id.* at 6)

11. Greenstar argues, in response, that its post-March 31 attorney fees, costs,
and expenses relate to two issues: (1) the motion; and (2) Heller's position regarding
the disbursement of interest. (D.I. 94 at 6) Because Heller disputed the disbursement
of the interest on the Note, and argued for a disposition that would reduce Greenstar's
recovery by approximately $136,000,[6] Greenstar was still required to file the motion
under Fed. R. Civ. P. 54(d). (*Id.*) The court agrees with Greenstar that, as the
prevailing party in this litigation, the APA authorizes Greenstar to recover its attorney
fees and costs "arising out of or connected in any manner with th[e APA]." (*See* D.I. 88,
ex.1) As Greenstar's attorney fees, costs, and expenses through May 22, 2013 arose
out of a dispute as to how interest should be divided under the court's judgment and the

---

[5] On May 3, 2013, counsel for Greenstar sent counsel for Heller a redacted
invoice for April 2013. Counsel for Heller did not dispute the reasonableness of the
fees. (D.I. 94 at 6, n.4)

[6] Greenstar calculated that the difference in interest between $3 million and
$1,462,095.11, as of May 1, 2013, is approximately $136,000. (D.I. 94 at 3, n.2)
$1,462,095.11 represents the total due to Heller after subtracting the damages and
agreed-upon reasonable attorney fees through March 31, 2013. (*See* D.I. 98)

8

APA, the court concludes that they may be recovered under Section 7.12.

12. **Conclusion.** For the foregoing reasons, the court grants Greenstar's

motion for attorney fees and awards Greenstar $14,476.38. Heller shall be paid the

interest earned on the remaining balance of the Note. An appropriate order shall issue.

United States District Judge